## Prentiss D. Cheney, Adm'r, v. Wm. W. Beaty and A. J. Langley.

1. Equity Practice—*Admission of Incompetent Testimony.*—A decree in chancery, when the finding is that of the chancellor, will not be reversed because of the admission of incompetent testimony if there is sufficient competent testimony in the record to support the decree.

**Bill for an Accounting.**—Error to the Circuit Court of Jersey County; the Hon. George W. Herdman, Judge presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

Thos. F. Ferns, attorney for plaintiff in error.

Hamilton & Hamilton, attorneys for defendants in error.

Opinion per Curiam.

This was a bill in chancery, filed by plaintiff in error, praying the defendant in error, W. W. Beaty, be required to account as trustee for the said Harriet Beaty, deceased.

The answer, in effect, was a denial that a trust capacity existed, and the assertion the relation was that of debtor and creditor, and that the only indebtedness existing was that represented by two notes given by said W.W. to Harriet Beaty some ten years prior to the filing of the bill.

We are inclined to the opinion it did not appear from the evidence W. W. was trustee for Harriet, but only her agent and debtor, and think the decree of dismissal might well be supported on the ground a court of law was the proper forum.

But waiving this, and excluding from consideration the testimony of W. W. Beaty, upon the ground it, or much of it, was incompetent, we are of opinion the testimony warranted the action of the court upon the other ground of defense, namely, that nothing was due from W. W. beyond the amounts represented by the two notes, and that these notes had been reduced to judgment in a court of law.

It was clearly shown W. W. received moneys belonging to Mrs. Harriet Beaty in a greater amount than the sums mentioned in the notes, but it quite as clearly appeared he repaid considerable sums from time to time, as she needed or requested it.

We think the testimony, considered in connection with the fact of the execution of the notes, fairly justified the conclusion the notes represented the amount due from him.

The fact Mrs. Beaty lived about eight years after the notes were given without making any complaint, no doubt, had weight with the chancellor.

It is to be presumed the chancellor rejected from consideration the incompetent parts of the testimony of W. W. Beaty.

A decree in chancery, where the finding is that of the chancellor, will not be reversed because of the admission of incompetent testimony, if there is sufficient competent testimony to support the decree. Richardson v. Ereland, 126 Ill. 37. Tillotson v. Mitchell 111 Ill. 518.

The decree is affirmed.